UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ALEAH MEDINA,<br><br>         Plaintiff,<br><br>vs.<br><br>VICTOR BOTELLO and<br>MASTEC, INC.,<br><br>         Defendants. | 4:20-cv- __4114_____<br><br><br>**COMPLAINT AND DEMAND<br>FOR TRIAL BY JURY** |

COMES NOW Plaintiff Aleah Medina, by and through her counsel, and for her causes of action, states and alleges as follows:

### PARTIES

1.      Plaintiff Aleah Medina (hereinafter "Plaintiff") is a resident of Niobrara, Knox County, NE.

2.      Defendant Victor Botello (hereinafter "Defendant Botello"), based on information and belief, is a resident of Pharr, Hidalgo County, TX.

3.      Defendant MasTec, Inc. (hereinafter "Defendant MasTec"), based on information and belief, is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located at 800 South Douglas Road, Suite 1200, Coral Gables, FL 33134.

### VENUE AND JURISDICTION

4.      This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this cause of action occurred in this District.

## FACTS

6.      On or about July 4, 2020, the Plaintiff was operating a motor vehicle and was attempting to turn south after driving westbound on Third Street, near Broadway Avenue/U.S. Highway 81, in Yankton County, SD.

7.      At the same time, Defendant Botello was operating a motor vehicle owned by his employer, Defendant MasTec, and was traveling southbound on Broadway Avenue/U.S. Highway 81, near Third Street, in Yankton County, SD.

8.      As the Plaintiff attempted to turn south at the intersection, Defendant Botello disregarded the posted stop sign at the intersection and crashed into the driver's side of the Plaintiff's vehicle.

9.      The Defendant was cited at the collision scene for vehicular battery, driving while under the influence, failure to stop and driving without headlights, and he is currently incarcerated at the Yankton County Jail in Yankton, SD.

10.     As a direct and proximate result of the collision, the Plaintiff sustained injuries and trauma, including, but not limited to, personal injuries which required medical treatment. Additionally, she has experienced pain and suffering, permanent impairment, disability, lost wages, loss of enjoyment of the capacity of life, emotional distress, past and future medical costs and expenses, and other general and special damages.

## COUNT I
### *Negligence Against Defendant Botello*

11.     Plaintiff hereby realleges paragraphs 1-10 of this Complaint and hereby incorporates them as if fully set forth herein.

12.     At the time of the collision, Defendant Botello negligently, carelessly and/or recklessly departed from the proper standard of care which caused the collision. Defendant Botello breached his duties owed to the Plaintiff by negligently, carelessly and/or recklessly operating his vehicle, by negligently, carelessly and/or recklessly using his vehicle, and by negligently, carelessly and/or recklessly traveling along the roads and streets located in the State of South Dakota, and in several respects, including, but not limited to:

> (a)     Failing to obey all traffic laws including, but not limited to, vehicular battery, driving under the influence, failure to stop for a stop sign and driving without headlights;

> (b)     Failing to keep a proper lookout for other vehicles;

> (c)     Failing to keep his vehicle under control;

> (d)     Consciously disregarding known risks; and

> (e)     Otherwise generally failing to operate his vehicle in a safe and prudent manner.

13.     Defendant Botello's operation of his vehicle was reckless, careless and/or negligent and the proximate cause of injuries and damages sustained by the Plaintiff.

14.     As a direct and proximate result of the collision caused by Defendant Botello's negligence, carelessness and/or recklessness, the Plaintiff has sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; permanent impairment; disability; past, present, and future pain and suffering; loss of enjoyment of the

capacity of life, emotional distress; lost wages; past and future medical costs and expenses; and other general and special damages; all of which are compensable under South Dakota law.

## COUNT II
### *Respondeat Superior Against Defendant MasTec, Inc.*

15.     Plaintiff realleges paragraphs 1-14 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

16.     At all times relevant hereto, Defendant Botello was acting within the scope of his actual, express, apparent and/or implied authority, as well as acting within the scope of his employment duties for Defendant MasTec.

17.     The conduct of Defendant Botello that resulted in his collision with the Plaintiff was reasonably foreseeable, and therefore, imputable to Defendant MasTec under the doctrine of Respondeat Superior.

18.     Pursuant to the doctrine of Respondeat Superior, Defendant MasTec is responsible for the negligent, careless and/or reckless conduct of Defendant Botello alleged in Count I above.

## COUNT III
### *Direct Negligence Against Defendant MasTec, Inc.*

19.     Plaintiff realleges paragraphs 1-18 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

20.     Defendant MasTec owed a duty to the Plaintiff to exercise reasonable care in the carrying on of its business, in hiring, retaining and supervising its employees.

21.     Defendant MasTec recklessly and/or negligently departed from the proper standard of care and breached its duty to the Plaintiff in the following manner:

> (a)     By hiring Defendant Botello as an employee, when it knew or should have known of his propensity to commit driving offenses;

     (b)    By retaining Defendant Botello as an employee, when it knew or should have known of his propensity to commit driving offenses;

     (c)    By failing to properly supervise its employee, Defendant Botello; and

     (d)    By failing to exercise ordinary care and awareness in the management, maintenance and control of its fleet of vehicles, including a duty to ensure that its vehicles were not accessible to and used by unsafe and irresponsible drivers.

22.    Defendant MasTec's breach(es) of the standard of reasonable care set forth in paragraph 21 were reckless and/or negligent and the proximate cause of injuries and damages sustained by the Plaintiff.

23.    As a direct and proximate cause of the Defendant MasTec's recklessness and/or negligence, the Plaintiff has sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; permanent impairment and disability; disfigurement, past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; property damage; loss of past and future earnings; past and future medical costs and expenses; and other general, punitive and special damages; all of which are compensable under South Dakota law.

24.    Defendant MasTec's negligent hiring, retaining and failure to properly supervise Defendant Botello, along with its negligent management, maintenance and control of its fleet of its vehicle was in willful, wanton and reckless and constituted a conscious disregard for the rights of the Plaintiff, for which punitive damages are recoverable pursuant to SDCL 21-3-2.

WHEREFORE, Plaintiff respectfully prays for damages against the Defendants as follows:

     (1)    For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2)     For Plaintiff's costs and disbursements herein;

(3)     For pre-judgment and post-judgment interest; and

(4)     For such other and further relief as the Court determines to be just and proper.

Dated this 6th day of August, 2020.

JOHNSON, JANKLOW,
ABDALLAH & REITER, L.L.P.

BY _____

Scott A. Abdallah (scott@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____

Scott A. Abdallah
Shannon R. Falon

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Aleah Medina

**DEFENDANTS**

Victor Botello & MasTec, Inc.

**(b)** County of Residence of First Listed Plaintiff   Knox (NE)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hidalgo (TX)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Scott Abdallah / Shannon Falon, Johnson, Janklow, Abdallah & Reiter, L.L.P., P.O. Box 2348, Sioux Falls, SD 57101-2348 (605-338-4304)

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(a)

Brief description of cause:
Motor vehicle collision / personal injuries

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
08/06/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.